CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

MAR 14 2012

JULIA C. DUDLEY, CLERK
BY: H McDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 4:96-cr-30029 |
| v. | § 2255 MEMORANDUM OPINION |
| DAIRUS KIOWA PERKINS,<br>Petitioner. | By: Hon. Jackson L. Kiser<br>Senior United States District Judge |

Dairus Kiowa Perkins, a federal inmate proceeding pro se, filed a petition for a writ of audita querela, pursuant to 28 U.S.C. § 1651(a), in March 2012. In this petition, petitioner alleges I said during his sentencing hearing that the sentencing guidelines "tied my hands" about the term of incarceration. Petitioner concludes that this statement warrants me vacating his sentence. After reviewing the court's records, I conclude that the instant petition is appropriately filed and dismissed as a successive § 2255 motion. See Calderon v. Thompson, 523 U.S. 538, 554 (1998) (stating subject matter of pro se motion determines its status, not its caption).

I entered petitioner's criminal judgment in January 1997 for conspiring to possess with intent to distribute cocaine and cocaine base and using or carrying a firearm during and in relation to a drug trafficking crime. I sentenced petitioner to, inter alia, 420 months' incarceration, for which petitioner remains incarcerated. The Fourth Circuit Court of Appeals dismissed petitioner's appeal without prejudice.

Petitioner filed a motion to vacate, set aside, or correct sentence in June 1997, and I dismissed the motion in July 1998. Perkins v. United States, No. 7:97-cv-00434 (W.D. Va. July 6, 1998). The Fourth Circuit Court of Appeals dismissed petitioner's appeal in December 1998, and the Supreme Court of the United States declined to issue a writ of certiorari in June 1999. In June 2001, the Fourth Circuit Court of Appeals denied petitioner leave to file a successive § 2255 motion.

Rule 60(e), Fed. R. Civ. P., specifically abolishes the writ of audita querela, along with writs of coram nobis, coram vobis and other common law writs. The United States Supreme Court has recognized, however, that the writ of coram nobis is still available to attack a criminal conviction via 28 U.S.C. §1651(a). See, e.g., United States v. Morgan, 346 U.S. 502 (1954). Courts have generally held that the writ of audita querela may also be available for extraordinary and extremely rare circumstances. See United States v. Reyes, 945 F.2d 862, 865- 866 (5th Cir. 1991) (citing other cases). Specifically, the writ of audita querela is available, if at all, where a legal objection to a conviction arises after conviction and could not have been raised in some other post-conviction proceeding. United States v. Holder, 936 F.2d 1, 5 (1st Cir. 1991). Thus, a federal prisoner may not challenge a conviction or sentence via a petition for a writ of audita querela when that challenge is cognizable under § 2255 because § 2255 already provides a post-conviction remedy. See United States v. Valdez-Pacheco, 237 F.3d 1077, 1080 (9th Cir. 2001) (collecting cases stating audita querela relief is not available to challenge a conviction or sentence when the prisoner's claims could be raised in a § 2255 motion).

Petitioner attempts to frame his collateral attack as an audita querela petition, but petitioner actually attempts to invalidate his imposed sentence for events that occurred during the sentencing hearing. Petitioner remains in custody pursuant to the criminal judgment he collaterally attacks, and relief via a § 2255 motion to vacate, set aside, or correct sentence, is still available to him. The fact petitioner previously filed a § 2255 motion that I denied does not mean § 2255 relief cannot be pursued or is inadequate. See In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (stating procedural impediments to a § 2255 motion does make such relief inadequate). Accordingly, I construe the petition for a writ of audita querela as a § 2255 motion to vacate, set aside, or correct sentence.

Petitioner must first obtain certification from the Fourth Circuit Court of Appeals to file a successive § 2255 motion. Because petitioner does not present any certification, I must dismiss this successive § 2255 motion without prejudice. Based upon my finding that petitioner has not made the requisite substantial showing of denial of a constitutional right as required by 28 U.S.C. § 2253(c), a certificate of appealability is denied.

The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to petitioner and to counsel of record for the United States.

ENTER: This 14th day of March, 2012.

/s/ Jackson L. Kiser
Senior United States District Judge

3

Case 4:96-cr-30029-JLK Document 213 Filed 03/14/12 Page 3 of 3 Pageid#: 225