CLERKS OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

MAY 30 2019

JULIA C. DUDLEY, CLERK
BY: s/ MARTHA L. HUPP
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 4:96cr30029-001 |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| DAIRUS KIOWA PERKINS, | ) | By: Hon. Jackson L. Kiser |
| | ) |     Senior United States District Judge |
| Defendant. | ) | |

Defendant Dairus Kiowa Perkins has filed an Emergency Motion to Reduce Sentence under the First Step Act of 2018, seeking immediate release from prison. [ECF No. 232.] Considering all the facts of this case, and with express reliance on 18 U.S.C. § 3553(a) and section 404(d) of the First Step Act, Defendant's motion is hereby **DENIED**.

At Defendant's sentencing, the court adopted the Presentence Investigation Report ("PSR"), which found Defendant to be responsible for 5.16 kilograms of cocaine base. (See Sentencing Tr. 1:21–2:7, Jan. 29, 1997 [ECF No. 178].) At the time of Defendant's sentencing, 1.5 kilograms was the "the highest level" under the Guidelines. (Id. at 3:14–20.) On May 29, 2015, Defendant was granted a six-point reduction in his sentence, pursuant to Amendment 782 of the United States Sentencing Guidelines. That reduction was calculated using a drug weight of 1.5 kilograms of cocaine base. Using the 1.5 kilogram drug weight was an error that inured to Defendant's benefit. Were I to recalculate Defendant's sentence under the First Step Act utilizing the correct drug weight, his sentence would not decrease.[1]

---

[1] I understand Defendant's argument that there is no evidence of the drug weight; I simply disagree with him. At the time of sentencing, I expressly adopted the PSR which included a factual determination of the drug weight. The plea agreement stipulated that Defendant would be held responsible for an "amount of drugs greater than one and a-half kilograms," which Defendant affirmed was his understanding as well. (Guilty Plea Tr. 16:2–5, Sept. 30, 1996 [ECF No. 179].; see also PSR ¶ 2 ["The United States agrees and stipulates that the total drug weight for which the defendant should be held accountable is *in excess of* 1.5 kilograms of cocaine base . . . ." (emphasis added)].) It apparently bears noting that 5.16 kilograms is an

Even if that were not the case, however, under the factors of 18 U.S.C. 3553(a), I do not believe a further reduction in Defendant's sentence is appropriate. Considering the sheer volume and extent of the drug conspiracy outlined in the PSR, as well as Defendant's role in the conspiracy, a further reduction in Defendant's sentence would not promote respect for the law, nor would it afford adequate deterrence to criminal conduct. See 18 U.S.C. § 3553(a)(2)(A)–(B).

In conclusion, I do not believe a reduction is authorized under the First Step Act. Even if one were, I would exercise my discretion to deny the relief sought. See First Step Act, Pub. L. No. 115-391, 132 Stat. 5194, 5222 (2018) ("Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.").

The clerk is directed to forward a copy of this Order to all counsel of record.

**ENTERED** this 30th day of May, 2019.

        s/Jackson L. Kiser
        SENIOR UNITED STATES DISTRICT JUDGE

---

"amount of drugs greater than one and a-half kilograms." At the time of Defendant's sentencing, all cocaine base over 1.5 kilograms resulted in the same base offense level, which is all that can reasonably be gleaned from Defendant's counsel's statements at his sentencing. (Sentencing Tr. 3:6–4:7, Jan. 29, 1997 [ECF No. 178].) Defendant's counsel did not "object" to the finding in the PSR, as Defendant now argues. In fact, Defendant's counsel expressly adopted the court's current thinking:

> THE COURT: All right, that is absolutely correct. He agreed to 1.5 [kg], and then the 5.16 [kg] he claimed, and that would be in excess of 1.5 [kg].
>
> MR. GRIMES: Yes, sir. Yes, sir.

(Id. 3:14–17.)